DICKINSON, Presiding Justice,
specially concurring:
¶ 38. For the reasons stated in the majority’s decision, I agree we must vacate Hollie’s guilty plea and death sentence for capital murder and remand for a competency hearing. I also agree with the majority that we must vacate Hollie’s armed-robbery guilty plea because the issue of the requirement of a competency hearing at the time of that trial and conviction has been briefed and argued by the State, and this Court necessarily has determined that the failure of the trial court to conduct a competency hearing invalidates that conviction as an aggravating factor in this death-penalty case.
¶ 39. It is true that the armed-robbery case is not before us on a direct appeal. But that conviction is before us and, in my view, it would be a waste of time and judicial resources to force that conviction to come back here on a habeas corpus petition which most certainly would be filed by Hollie’s current counsel, bearing in mind that, while defendants generally do enjoy the privilege of waiving issues and appeals, that rule does not apply to the incompetent.
¶ 40. Section 99 — 19—101 requires us to consider whether the State proved an aggravating factor in the sentencing proceeding of the case that is before us.[4] On that point, I join Justice Kitchens’s view that the State did not prove that Hollie was previously convicted of armed robbery because no judgment of conviction was entered after Hollie pleaded guilty to that charge.
¶41. I would add, however, that the State failed to prove this aggravating factor for a second reason. Even if Hollie was convicted of armed robbery, he was not previously convicted, because his pleas for armed robbery and capital murder were entered in the same hearing. In Jones v. State, we discussed the timing requirement to be “previously convicted” within the meaning of the statutory aggravating factor.[5] We concluded that “the legislature intended to relate the word ‘previously’ to the time of trial.”[6]
*835 ¶ 42. Here, there was no trial for capital murder. Instead, Hollie pleaded guilty. And he did so on the same day that he pleaded guilty to the armed robbery that was used as the prior violent conviction. So, even if Hollie’s guilty plea constituted a conviction, it was not a previous one which could satisfy the language of the capital-sentencing statute, and I agree that double jeopardy precludes the State from seeking a second death sentence if Hollie is found competent on remand.
WALLER, C.J., AND KING, J., JOIN THIS OPINION. KITCHENS, J., JOINS THIS OPINION IN PART.

. Miss.Code Ann. § 99 — 19—105(3)(c) (Rev. 2007).

. Jones v. State, 381 So.2d 983, 994 (Miss.1980).

. Id.